IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:22-cr-00021 |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| BRONWYN LEIGH KOORY, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States

Attorney for the Southern District of Iowa and the undersigned Assistant United

States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on February 28, 2023, following

defendant's plea of guilty to Count 2 of the Indictment charging Travel with Intent

to Engage in Illegal Sexual Conduct of a Minor in violation of Title 18, United

States Code, Section 2423(b) and Count 4 charging Distribution of Marijuana to a

Person under Age 21 in violation of Title 21, United States Code, Sections 841(a)(1),

859.

## I.    Advisory Guideline Range

The Presentence Investigation Report ("PSR") calculated a Total Offense

Level of 29 and a Criminal History Category of I with an advisory guideline range of

97-121. (PSR ¶ 118.)  Based on the amended plea agreement, the parties have

agreed to recommend a guideline range of 108-135 months. (PSR ¶ 119, DCD 35

¶ 16.) Neither the government nor the defendant filed any objections to the above

offense calculation or the advisory guideline range so the only issue for the Court to determine at sentencing is the appropriate/reasonable sentence to be imposed in this matter. (PSR ¶¶ 51, 53.)

## II.   Variance

Neither party sought a variance.

## III.   Restitution

The victims in this matter have not submitted any requested restitution. The government anticipates witnesses making statements at the sentencing hearing.

## IV.   Title 18 U.S.C. § 3553(a) Factors.

The government asserts that the defendant's conduct warrants a sentence at the bottom of the parties recommended range. The factors the Court must use to determine a reasonable sentence are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
> > (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a). The Court is not required to do so, however.

The first factors the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant.  From February - December 2021, the defendant was involved with two teenage boys. (PSR pp. 4-6.) The defendant was the only person with a car so drove from Nebraska to Iowa to pick up both NT and MP when they were dating. The defendant met NT from MP who she dated for several months, engaged in sexual acts with him, and also provided marijuana and LSD. (PSR ¶ 17.)  MP ended the relationship when he discovered her real age, which she lied about throughout their relationship.

NT was good friends with MP's younger brother, who were both fourteen and in their freshman year of high school. During the timeframe of November-December 2021, the defendant communicated with NT through Snapchat. The two of them

3

talked about their relationship, that they loved each other, that the defendant wanted to have NT's baby, and engage in sexual acts. (PSR ¶ 15.) The defendant travelled from Nebraska to Iowa to hang out with NT and did engage in sex acts with him. She also provided marijuana to NT when they would meet up.

The defendant took advantage of the youth, inexperience, and vulnerability of young teenage boys just starting high school. She used her age, prior relationship experience, and access to drugs and alcohol to foster an intimate relationship with these teenage boys. The defendant did have her own insecurities regarding relationships but she was the adult, she knew how old they were, and initially lied about her age to the boys and parents.

The defendant is in her early twenties and her only criminal history is possession of drug paraphernalia and theft. (PSR ¶¶ 50, 51.) The defendant certainly has mitigating factors in her life for the Court to consider that has led her to the decisions she made regarding her relationships with MP and NT. The defendant experienced verbal abuse, her needs were not always met as a child, and she didn't have the best relationship role-models. She also was subjected to bullying, feeling like an outcast, and suffering an ongoing eating disorder. (PSR pp. 11-13.) The defendant also disclosed her own history of experiencing unhealthy relationships.

The Court can consider the programming available to the defendant while incarcerated. The defendant would benefit from participation in sex offender treatment, substance abuse treatment, and a mental health evaluation/treatment.

A school or trade may be beneficial to her once released.

The court must consider adequate deterrence, protection of the community, and rehabilitation when crafting an appropriate sentence.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By:  *S/Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
2146 27th Avenue
Council Bluffs, Iowa 51501
Tele:  (712) 256-5009
Fax:   (712) 256-5112
Email:  shelly.sudmann@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail ____ Fax ____Hand Delivery

_X__ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By:  */s/PAC*
     Paralegal Specialist