IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | CASE NO. 1:22CR00021-001 |
| vs. | * | DEFENDANT'S MOTION FOR VARIANCE OR DEPARTURE |
| BRONWYN LEIGH KOORY, | * | FROM ADVISORY SENTENCING GUIDELINES |
| Defendant. | * | |

Pursuant to USSG §§ 3B1.2, 5H1.3, 5H1.4, 5H1.7 AND 5KT.0, Defendant Bronwyn Koory moves the Court to depart or vary from the suggested sentencing range indicated by the advisory Sentencing Guidelines. Defendant requests the Court for leave to file this motion *instanter*, outside the previously imposed deadline for filing sentencing motions. She so moves because the Defendant provided a proffer on February 27, 2022.

There is no statutory mandatory minimum sentence applicable to the offense of Defendant's conviction, Travel with intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) The revised PSR suggests an advisory Guidelines term of incarceration of 360 months, and 5 years to life of supervised release. (2nd rev. PSR, ¶ 115,120,126) But this Court is not bound by the Guidelines advisory sentencing range. Here, justice will be served by imposing a sentence of probation, and restitution.

There is no statutory mandatory minimum sentence applicable to the offense of Defendant's conviction, Distribution of Marijuana to a Person Under Age 21 in violation of 21 U.S.C. §§ 841 (a)(1), 859(a). The revised PSR suggests an advisory Guidelines term of incarceration of 120 months, and 4 years to life of supervised release. (2nd rev. PSR, ¶ 115,120,126) But this Court is not bound by the Guidelines advisory sentencing range. Here, justice will be served by imposing a sentence of probation, and restitution.

18 U.S.C. § 3553(a) requires a sentencing court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. The sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence to criminal conduct; protect the public from future crimes by the defendant; and provide the defendant with necessary treatment and training in the most effective manner. The court is not obligated to impose a sentence withing the Guidelines range. The guidelines permit the Court to make departures, see §5K2.0(c), and the Court may also exercise its discretion considering the factors in 18 U.S.C. § 2423(b) and 21 U.S.C. §§ 841 (a)(1), 859(a).

Defendant, age 25, has had two prior criminal convictions which were Possess or Use of Drug Paraphernalia in Douglas County, Nebraska in 2017 and Theft by Deception in Douglas County, Nebraska in 2018. When law enforcement officers questioned Defendant about the PPP and EIDL loan applications she signed, Defendant waived her *Miranda* rights and promptly admitted her involvement. She did not obstruct or impede the investigation in any way. (2nd rev. PSR, ¶ 69)

Downward departures under the Guidelines differ from sentencing variances, although either, if granted, can reduce a criminal defendant's sentence. *United States v. Chase,* 560 F.3d 828, 830 (8th Cir. 2009). Departures are imposed under the Guidelines, while variances are based on §3553(a) factors. *United States v. Solis-Bermudez*, 501 F.3d 882, 884 (8th Cir. 2007); *Irizarry v. United States*, 553 U.S. 708, 714, 128 S.Ct. 2198 (2008). Variances may include factors already implied in the Guidelines. *Chase*, 560 F.3d at 831.

**A. Downward departure for role in offense, U.S.S.G. § 3B1.2, 5H1.7**

This description aptly characterized Defendant's actions. Downward departure under § 3B1.2 and 5H1.7 is warranted in this case.

**B. Downward variance pursuant to 18 U.S.C. § 3553(a)**

After a sentencing court calculates an appropriate advisory Guidelines range, it may still

impose a sentence outside of the Guidelines in light of other factors in 18 U.S.C. § 3553(a). *United States v. Brown*, 453 F.3d 1024 (8th Cir. 2006). 15 USC §3553(a) directs sentencing courts to consider the nature and circumstances of the offense, history and characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, pertinent policy statements, and the need to avoid unwarranted sentencing disparities. No limitation is placed on the information concerning a defendant's background, character, and conduct which a court may consider for sentencing purposes. Courts are therefore required to consider the history and characteristics of the defendant, including factors which the Guidelines may otherwise discourage or reject. *Pepper v. United States*, 562 U.S. 476, 488, 131 S. Ct. 1229, 1240 (2011).

Defendant's characteristics and history, and the nature of the offense to which she pled guilty on stipulated facts warrant a below-Guidelines sentence. There is no important Government objective served by imprisoning Defendant. She therefore requests this Court to exercise its authority under 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220 (2005) to vary or depart from the advisory Guidelines, and to sentence Defendant to a term of probation and restitution that is sufficient but not greater than necessary to comply with the directives set forth in 18 U.S.C. §3553(a).

Dated this 27th day of February 2023.

BRONWYN LEIGH KOORY, DEFENDANT

By  /s/ William F. McGinn
William F. McGinn
McGinn, Springer & Noethe, PLC
20 North 16th Street
Council Bluffs, Iowa   51501
Telephone:   (712) 328-1566
Facsimile:   (712) 328-3707
Email: bmcginn@mcginnlawfirm.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on February 27, 2023, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which sent notification of such filing to Plaintiff's counsel set forth below:

Defendant's Attorney
bmcginn@mcginnlawfirm.com

/s/ William F. McGinn